## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

Barkley & Associates, Inc., a California
Corporation,

      Plaintiff,

        v.

Gregory Brunshidle and Sonal Patel,

      Defendants.

Case No.

**COMPLAINT AND DEMAND
FOR JURY TRIAL**

## COMPLAINT

Plaintiff, Barkley & Associates, Inc., by and through undersigned counsel hereby filed this Complaint for Trademark Infringement and Copyright Infringement against Defendants Gregory Brunshidle and Sonal Patel, stating as follows:

## INTRODUCTION

1. Plaintiff Barkley & Associates Inc. ("Barkley") specializes in creating test preparation materials for graduate nursing students studying to become certified nurse practitioners. Barkley creates study materials including printed study manuals, practice questions, digital materials, recorded courses and more (Study Materials.") Barkley meticulously protects all its Study Materials by registering them with the United Sates Copyright Office.

2. Defendants Gregory Brunshidle and Sonal Patel ("Brunshidle" or "Patel" and collectively "Defendants") hosted copies of Barkley Study Materials

and distributed them without a license to users in the United States, and all over the world. These illegal sales have resulted in lost profits to Barkley and have damaged Barkley's reputation. Because Barkley registered the copied works before Defendants began their infringement, Barkley is entitled to statutory damages of at least $1,950,000. These statutory damages will compensate Barkley for (1) lost sales (2) a reasonable royalty for all infringed copies (3) corrective advertising to educate consumers on the counterfeits still floating around e-commerce stores and YouTube.

## THE PARTIES

3.      Barkley is a California corporation registered to do business in California. Its business address is 8060 Melrose Avenue, Suite 230, Los Angeles, California 90046. Barkley also provides instructors around the country for live courses including in Illinois, Ohio, and ten other states.

4.      On information and belief, Defendant Brunshidle is an individual and a Florida resident residing at 4037 Indian River Drive, Cocoa, Florida 32927, in this district.

5.      On information and belief, Defendant Patel is an individual and a Florida resident in Brevard County, Florida.

## SUBJECT MATTER JURISDICTION

6.      This action arises under the trademark and copyright laws of the United States, 15 U.S.C. § 1051, *et seq.*, and 17 U.S.C. § 501, *et seq.*  This court has subject matter jurisdiction under 15 U.S.C. § 1121(a) and 17 U.S.C. §1338(a).

## PERSONAL JURISDICTION AND VENUE

7.      This Court has personal jurisdiction over each defendant because they are Florida residents who do business and have done business in Florida and this district.

8.      This court has personal jurisdiction over Defendants because they offered an entire replica of Barkley's home Study Materials from Florida to residents of Florida and other states, and the replica contained Barkley's registered trademarks.

9.      Venue against both Defendants is proper under 15 U.S.C. § 1391(b) because defendant Brunshidle resides in this district, defendant Patel is believed to reside in this district. Venue is still proper in this district if Patel lives in Florida but outside this district under 15 U.S.C. § 1391(b)(1). Venue also is proper under 15 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district,

## COUNT I – TRADEMARK INFRINGEMENT UNDER 15 U.S.C. §1114

10.      Barkley creates test preparation materials for students studying to become nurse practitioners. These Study Materials come in the form of home

courses, study manuals, textbooks, recordings of classes, and other materials. The materials come in both digital and print form. A sampling of Barkley's materials is reproduced below:







11.    Barkley protects its Study Materials not only by registering them with the United States Copyright Office but by registering its federal trademarks with the United States Patent and Trademark Office. Those registered trademarks follow this paragraph.

| U.S. Trademark Registration No. | Trademark |
|---|---|
| 6272223 |  |
| 6270781 | BARKLEY & ASSOCIATES |

12.    Barkley displays its registered trademarks on all its Study Materials, so consumers know their source.

13.    Exhibit B contains copies of those Barkley's trademark Registration Certificates Nos. 6,270,781 and 6,272,223.

14.    Barkley has spent over two decades and significant money on advertising, promoting, and marketing its Study Materials. The BARKLEY & ASSOCIATES brand and its Study Materials have achieved widespread recognition and fame throughout the United States.

15.    Barkley is the owner of all the rights, title, and interest in the two registered trademarks it affixes to all its Study Materials.

16.    Defendant infringed Barkley's trademark by enticing nursing students to use infringing Study Materials posted to Defendant's YouTube channel rather than buy legitimate Barkley products.

17.    Defendants also infringed Barkley's marks when reproducing counterfeit documents. Defendants chose to keep the Barkley registered trademark logo and BARKLEY & ASSOCIATES® trademark on pages to fool consumers into thinking they were purchasing legitimate Barkley Study Materials.

18.    Barkley also owns extensive common law rights in the BARKLEY & ASSOCIATES marks for Barkley's Study Materials and services. Barkley continuously used the marks in interstate commerce in connection with the sale, distribution, promotion, and advertising of genuine Barkley test preparation goods and services since Defendants' respective dates of first use.

19.    Because of continuous and long-standing promotion, substantial sales, and consumer recognition, Barkley has developed powerful trademarks rights and has built substantial goodwill in the trademarks.

20.     Having distinctive trademarks that are readily identifiable is a key factor in creating and maintaining a market for Barkley's Study Materials and services, in identifying Barkley and its brands, and in distinguishing Barkley's Study Materials from the products of others.

21.    Defendants' use of Barkley's trademarks is likely to confuse, mislead, or deceive potential consumers, purchasers, and the general buying public as to

the source, origin, sponsorship, or affiliation of Defendants' goods with Barkley's. Defendants' trademark use also is likely to cause people to believe incorrectly that Barkley authorized, sponsored, approved, endorsed, or licensed Defendants' goods or that Defendants are affiliated with Barkley.

22.    Defendants' unauthorized use of Barkley's trademarks is trademark infringement of Barkley's federally registered trademarks that caused damage to Barkley and the substantial business and goodwill embodied in Barkley's trademarks in violation of 15 U.S.C. § 1114.

23.    Defendants copied Barkley's marks because Defendants knew that doing so would garner attention and drive sales to it, confuse consumers and damage Barkley.

24.    As a direct and proximate result of Defendants' wrongful acts, Barkley suffered, continues to suffer, and is likely to suffer damage to its trademarks, business reputation, and goodwill that money cannot compensate. Unless enjoined, Defendants will continue to use Barkley's marks or confusingly similar marks and will cause irreparable damage to Barkley, Barkley's trademarks, and to the business and goodwill they represent for which Barkley has no adequate remedy at law.

25.    Barkley is entitled to a rebuttable presumption of irreparable harm upon a finding of trademark infringement under 15 U.S.C. § 1116.

26.     Barkley further has the right to recover from Defendants the actual damages Barkley sustained, is sustaining, or is likely to sustain because of Defendant's wrongful acts.

27.     On information and belief, Defendants obtained gains, profits, and advantages because of their wrongful acts and will continue to do so in an amount yet to be determined.

28.     Defendants' use of Barkley's trademarks and confusingly similar marks has been intentional and willful. The egregious and prominent use of Barkley's trademarks in connection with the sale and promotion of competing goods and the extensive nature of the infringement evidences Defendants' bad faith. Because of the willful nature of Defendants' wrongful acts, Barkley is entitled to an award of treble damages and increased profits under 15 U.S.C. § 1117.

29.     Because of Defendants' infringement of Barkley's registered marks, Barkley is entitled under 15 U.S.C. § 1117(a), subject to the principles of equity, to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) costs.

30.     Under 15 U.S.C. § 1117(a), Defendants' infringement of Barkley's registered trademarks lets this Court enhance the damages arising from infringement, up to three times the actual damages, according to the circumstances. The circumstances here warrant the enhancement to address a variety of undercompensated harm, including difficulty in assessing damage. Lost

profits cannot address the ongoing harm, and enhanced damages advance the cause of deterring Defendants and others similarly situated from repeating this unfair and deceptive behavior.

31.     Barkley is entitled to recover its attorney fees in exceptional cases under 15 U.S.C. § 1117(a). This case is exceptional considering the totality of the circumstances.

### COUNT II --COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

32.     Barkley incorporates the above paragraphs herein by reference.

33.     This is a claim for Copyright Infringement against Defendants pursuant to 17 U.S.C. § 501 *et seq.*

34.     A sampling of Plaintiff's copyrighted works is produced below:

| Title | Copyright No. |
|---|---|
| Adult-Gerontology Acute Care Nurse Practitioner ACNP | TX0008198957 |
| Adult-Gerontology Primary Care Nurse Practitioner AGPCNP | TX0008198960 |
| Pediatric Primary Care Nurse Practitioner PNP | TX0008198960 |
| Psychiatric Mental Health Nurse Practitioner PMHNP | TX0008199468 |
| Women's Health Care Nurse Practitioner WHNP | TX0008204759 |
| Family Nurse Practitioner | TX0008204763 |
| Emergency Nurse Practitioner ENP | TX0008891069 |
| Adult-Gerontology Acute Care Nurse Practitioner Audio Recordings | SR881728 |

| Title | Copyright No. |
|---|---|
| Adult-Gerontology Primary Care Nurse Practitioner Audio Recordings | SR881-483 |
| Pediatric Primary Care Nurse Practitioner Audio Recordings | SR880376 |
| Psychiatric Mental Health Nurse Practitioner Audio Recordings | SR881727 |
| Family Nurse Practitioner Audio Recordings | SR880380 |
| Women's Health Care Nurse Practitioner Audio Recordings | SR881545 |
| Emergency Nurse Practitioner Audio Recordings | SR881735 |

35.    On information and belief, Defendants obtained copies of multiple different Barkley Study Materials.

36.    On information and belief, Defendants created unauthorized copies of Barkley Study Materials and invited users to visit Defendant's YouTube channel to view a complete replication of the Barkley course.

37.    For example, Defendants uploaded one of Barkley's entire courses to YouTube and invited thousands of nursing students to view the video:





38.    Defendants had neither permission nor a license to sell or make copies of any Barkley Study Materials.

39.    Upon information and belief, Plaintiff displays the following warning before students take part in Barkley courses and use Barkley Copyright materials:

40.     Barkley's Study Materials also displayed multiple BARKLEY & ASSOCIATES® trademarks with the circled "R," "®," Barkley's Study Materials also displayed the circled "C," "©," which serves as public notice of a copyright claim and helps establish willful copyrights infringement.

41.     Despite these warnings, Defendants pursued potential customers for counterfeit goods by soliciting people to create accounts on Defendants' platform and pay for unlicensed Study Materials.

42.     Defendants made and continue to make products that copy the total image of Barkley's Study Materials in violation of Barkley's copyright rights.

43.     Barkley neither approved nor authorized Defendant's use of Barkley's trademarks or copyrights.

44.     Defendant's unsanctioned products are likely to confuse consumers, create a false association between those products and Barkley's, and dilute Barkley's famous brand.

45.    Unless the Court permanently enjoins Defendants from continuing to sell infringing goods, the infringement will continue, and consumers will continue to be confused.

46.    Barkley's Study Materials including PDFs, written manuals, textbooks, study guides, practice tests, classroom recordings, and videos and all their elements in all versions of development and production are all original works containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, et. seq.

47.    Barkley owns copyrights on its various Study Materials that Barkley registered with the United Stated Copyright Office. Copies of those Registration Certificates are attached as Exhibit A.

48.    Barkley's registered those copyrights within five years of the first publication of each, so they are prima facie evidence of the copyrights' validity and of the facts stated in the certificates.

49.    Defendants directly infringed Barkley's exclusive rights in its registered works in violation of 17 U.S.C. § 501.

50.    Defendants' sale of infringing testing material, including digital pdfs, infringes Barkley's exclusive right to sell copies of the copyrighted work, and to publicly display the copyrighted work under 17 U.S.C. § 106.

51.    Defendants infringed Barkley's exclusive rights granted to it as the lawful copyright owner, and Defendants unlawfully trespassed into Barkley's

13

exclusive domain by creating and selling unauthorized versions of Barkley's copyrighted Study Materials.

52. Defendants sell products that copy Plaintiff's copyrighted Study Materials. Defendants also publish and display on their Internet website and on the sites of Defendants' authorized e-commerce re-sellers that infringes Barkley's copyrighted Study Materials. Defendants violated at least one of the exclusive rights in 17 U.S.C. § 106.

53. Defendants seek to capitalize, unilaterally, on Barkley's exclusive copyright rights. Defendants' infringing acts have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source of Defendants' products and have deceived and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendants' goods originate from, are associated, or affiliated with, or are otherwise authorized by Barkley.

54. Barkley suffered damages because of Defendants' copyright infringement, and Defendants earned profits Defendants otherwise would not have earned.

55. On information and belief, Defendants' infringing conduct alleged was and continues to be willful and with full knowledge of Barkley's rights and has enabled Defendants illegally to obtain profit therefrom.

56.    Barkley is entitled to the maximum statutory damages under 17 U.S.C. § 504(c) for Defendants' willful infringing conduct, and for any other amounts proper under Section 504(c).

57.    As a direct and proximate result of the Defendants' infringing conduct, Barkley sustained and will continue to sustain substantial, immediate, and irreparable injury for which there is no adequate remedy at law. Unless the Court enjoins Defendants' infringing conduct, Defendants will continue to infringe the copyrighted work. Barkley is entitled to permanent injunctive relief restraining and enjoining Defendants' ongoing infringing conduct.

58.    Plaintiff is also entitled to statutory damages under 17 U.S.C. § 504 of at least $30,000 per infringing work. Because Defendants' infringement was willful, Defendants is liable for statutory damages of $150,000 under 17 U.S.C. § 504(c)(2).

## COUNT III – FALSE DESIGNATION OF ORIGIN / UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(A)

59.    Barkley incorporates the above paragraphs herein by reference.

60.    Defendants' unauthorized use of Barkley's trademarks and copyrights and confusingly similar versions constitutes a false designation of origin likely to cause consumer confusion, mistake, or deception as to the origin, sponsorship, or approval of Defendants' competing Study Materials by creating

15

the false and misleading impression that Barkley produces, authorizes, or otherwise associates with Defendants.

61.     As a direct and proximate result of Defendants' wrongful acts, Barkley has suffered, continues to suffer, and is likely to suffer damage to its brands, business reputation, and goodwill that money cannot compensate. Unless enjoined, Defendants will continue to use Barkley's trademarks and copyrights and will cause irreparable damage to Barkley and to the represented business and goodwill, for which Barkley has no adequate remedy at law.

62.     Defendants' conduct is false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

63.     Barkley is also entitled to recover from Defendants the actual damages Barkley has sustained, is sustaining, and is likely to sustain because of Defendants' wrongful acts.

64.     Because of the willful nature of Defendants' wrongful acts, Barkley is entitled to an award of treble damages and increased profits under 15 U.S.C. § 1117.

65.     Because this is an exceptional case, Barkley is also entitled to recover its costs of suit and its attorneys' fees under 15 U.S.C. § 1117.

66.     Defendants' unauthorized use in commerce of Barkley's trademarks and copyrights are use of a false designation of origin and unfair competition.

67.     On information and belief, Defendants' conduct is willful.

68.     Defendants' conduct is causing immediate and irreparable harm and injury to Barkley, and to its goodwill and reputation, and will continue to both damage Barkley and confuse the public unless enjoined by this court. Barkley has no other adequate remedy at law.

69.     Barkley is entitled to, among other relief, injunctive relief, and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post judgment interest.

## COUNT IV – FLORIDA TRADEMARK INFRINGEMENT UNDER FLA. STAT. § 495.131

70.     Barkley incorporates the above paragraphs by reference.

71.     This Court has subject matter jurisdiction over this Florida claim under 28 U.S.C. § 1338(b) because the state law claims are claims of unfair competition when joined with a substantial and related claim under the copyright or trademark laws.

72.     Barkley owns the common law trademark rights to its trademarks and source identifying marks for its Study Materials.

73.     Barkley has common law trademark priority over Defendants.

74.     Consumers are being confused and misled by Defendants' labels, which Defendants intentionally make to copy Barkley's trademarks and divert away Barkley's customers and create a false endorsement by Barkley.

75.    Defendants willfully infringed and continue to infringe Barkley's trademarks willfully.

76.    Defendants' acts are trademark infringement and unfair competition under Fla. Stat. § 495.131.

77.    Defendants knew or should have known that Defendants' infringement would cause Barkley to lose business.

78.    On information and belief, Defendants' conduct was unlawful, unfair, and fraudulent and had the potential to cause confusion. Defendants' conduct alleged above constitutes unfair competition under Florida common law.

79.    As a direct and proximate result of Defendants' conduct, Barkley lost sales that but for Defendants' conduct it would have made. Barkley also suffered and will continue to suffer damages to its business, reputation, and goodwill, in an amount to be established.

80.    As a direct and proximate result of Defendants' wrongful acts, Barkley suffered and will continue to suffer substantial financial losses and irreparable injury to its business reputation and goodwill. Barkley's remedy at law is not adequate to compensate for injuries Defendants inflicted so Barkley is entitled to injunctive relief.

81.    Because of Defendants' wrongful acts, Barkley is, was, and will be deprived of the profits and benefits of its business relationships, agreements, and

transactions with its existing and prospective customers. Defendants wrongfully obtained those profits and benefits in an amount Barkley will prove.

82.    On information and belief, Defendants' acts as described above were done with oppression, fraud, and malice, entitling Barkley to an award of punitive damages, in an amount to be established.

83.    Defendants' actions show an intentional, willful, and malicious intent to misappropriate Barkley's efforts developing and marketing its products.

84.    Defendants acted in reckless disregard of Barkley's rights.

85.    Defendants' decision to continue to create and advertise new product without changing the infringing labels and documents is evidence of Defendants' intent to deprive Barkley of its property.

86.    Barkley has a famous reputation that needs to avoid being associated with Defendants' products, but Defendants' intentional conduct damages Barkley's reputation.

87.    Defendants' infringements and other alleged acts unjustly enriched them.

88.    Barkley also is entitled to recover any unjust enrichment caused by Defendants' misappropriation of Barkley's property.

89.    As a direct and proximate result of Defendants' acts, Barkley has suffered and will continue to suffer damages, including lost profits, in an amount subject to proof.

90.    Defendants' infringement was willful and designed to damage Barkley. So Defendants are liable for enhanced and punitive damages.

**REQUEST FOR RELIEF**

WHEREFORE, Barkley respectfully prays for:

91.    A judgment and order that Defendants willfully: (a) infringed Barkley's trademarks in violation of 15 U.S.C. §1114, (b) infringed Barkley's registered copyrights in violation of 17 U.S.C §§ 101 *et seq.*, (c) used false designations of origin and engaged in unlawful unfair competition in violation of 15 U.S.C § 1125(a), and (d) engaged in unfair competition under Fla. Stat. § 495.131.

92.    A judgment and order enjoining Defendants and all Defendants' affiliates, officers, partners, authorized retailers and distributors, agents, employees, contractors, attorneys, and all other persons acting in concert with Defendants or at the direction of Defendants, during this action's pendency and permanently thereafter from manufacturing, minting, labeling, designing, making, offering, delivering, displaying, warehousing, storing, transporting, promoting, advertising, publicizing, distributing, offering for sale, or selling any of Defendants' products that bear Barkley's trademarks, and copyrights, including substantially similar or indistinguishable versions thereof or therefrom, or any other marks, designs, artwork, packaging, bottles, labels, names, symbols, or logos likely to cause confusion or to cause mistake or to deceive persons into the erroneous belief that any products emanating from Defendants' or any of

Defendants' commercial activities are sponsored, licensed, or authorized by Barkley, or are connected or affiliated with Barkley.

93.    A judgment and order that Defendants and all Defendants' affiliates, officers, partners, authorized retailers and distributors, agents, employees, contractors, attorneys, and all other persons acting in concert or at the direction of Defendants, during the pendency of this action and permanently thereafter that Defendants must deliver to Barkley for destruction all products, bottles, labels, files, labels graphics, artwork, designs, promotional materials, business cards, signs, labels, advertisements, flyers, circulars, all the foregoing including both digital and physical files and materials, and any other items in any of Defendants' possession, custody, or control bearing confusingly similar copies of Barkley's marks, and copyrights, and related labels and logos or any simulation, reproduction, copy or colorable imitation thereof, and all plates, molds, matrices, and other means of production under 15 U.S.C. § 1118.

94.    A judgment and order that Defendants and all Defendants' affiliates, officers, partners, authorized retailers and distributors, agents, employees, contractors, attorneys, and all other persons acting in concert with Defendants or at Defendants' direction during the pendency of this action and permanently thereafter be enjoined and restrained from:

21

(a) using any reproduction, copy, or colorable imitation of the Barkley marks, copyrights, and related labels and logos, to identify any goods or the rendering of any services not authorized by Barkley;

(b) engaging in any course of conduct likely to cause confusion, deception, or mistake, or injure Barkley's business reputation or weaken the distinctive quality of the Barkley marks, copyrights, and related labels;

(c) using a false description or representation including words or other symbols falsely describing or representing Defendants' unauthorized goods as being those of Barkley or sponsored by or associated with Barkley and from offering such goods in commerce;

(d) further infringing the Barkley marks, copyrights, and related labels and logos by manufacturing, producing, importing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, displaying or otherwise disposing of any products not authorized by Barkley bearing any simulation, reproduction, copy or colorable imitation of the Barkley marks, copyrights, and related labels and logos;

(e) using any simulation, reproduction, copy or colorable imitation of the Barkley marks, copyrights, and in the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any unauthorized products in such fashion as to relate or

22

connect, or relate or connect, such products to Barkley, or to any goods sold, made, sponsored or approved by, or connected with Barkley;

(f) making any statement or representation, or using any false designation of origin or false description, or performing any act that can or is likely to lead the trade or public, or individual members thereof, to believe that any products manufactured, distributed, imported sold or offered for sale, or rented by Defendants is associated or connected with Barkley; or is sold, manufactured, licensed, sponsored, approved or authorized by Barkley;

(g) engaging in any conduct infringing the Barkley marks, copyrights, and, of Barkley's rights in Barkley's marks, copyrights, and related labels, or constituting any weakening of Barkley's name, reputation, or goodwill;

(h) using or continuing to use Barkley marks, copyrights, and or trade names or trade dress or any variation thereof on the Internet (either in the text of websites, as a domain name, or as a key word, search word, metatag, or any part of the description of the site in any submission for registration of any Internet site with a search engine or index) in any goods or services not directly authorized by Barkley;

(i) hosting or acting as internet service provider for or operating any websites that offer for sale any products bearing the Barkley marks, copyrights.

(j) secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records that contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, or displaying of all unauthorized products that infringe the Barkley marks, copyrights; and

(k) affecting assignments or transfers, forming new entities or associations, or using any other device to circumvent or otherwise avoiding the prohibitions in subparagraphs (a) through (j).

95.    A judgment and order that Defendants and all Defendants' affiliates, officers, partners, authorized retailers and distributors, agents, employees, contractors, attorneys, and all other persons acting in concert with Defendants or at the direction of Defendants, within ten days of judgment, take all steps necessary to remove from all websites Defendants own or control all text or other media offering for sale any merchandise bearing copies of the Barkley marks, copyrights, including substantially similar versions thereof and therefrom.

96.    A judgment and order granting an award of damages suffered by Barkley according to proof at the time of trial.

97.    A judgment and order that Defendants account to Barkley for all profits earned because of Defendants' acts in violation of Barkley's rights and disgorgement of those profits to Barkley.

98.    A judgment and order granting an award of three times the amount of compensatory damages and increased profits under 15 U.S.C. § 1117.

99.    A judgment and order that Defendants, on behalf of all Defendants' affiliates, officers, partners, authorized retailers and distributors, agents, employees, contractors, attorneys, and all other persons acting in concert with Defendants or at the direction of Defendants, within 30 days of judgment, file with this court and serve Barkley with a notarized sworn statement under 15 U.S.C. § 1116(a) detailing the manner and form in which Defendants complied with the final judgment and order.

100.    Directing such other relief as the Court may consider appropriate to prevent the trade and public from deriving any incorrect impression that any products manufactured, sold, or otherwise circulated or promoted by Defendants is authorized by Barkley or related to Barkley's products.

101.    A judgment and order that Defendants pay Barkley's costs with reasonable attorneys and investigators fees and prejudgment interest under 15 U.S.C. § 1117.

102.    A judgment and order granting an award of punitive damages to Barkley for Defendants' willful, malicious, and bad faith conduct under Florida common law.

103.    A judgment and order directing this Court retain jurisdiction to enable Barkley to apply to the Court at any time for further orders and

interpretation or execution of any order entered, to modify any such order, for enforcement or compliance with the orders and for the punishment of any violations.

104. Awarding Barkley such other and further just and proper relief.

## **<u>JURY DEMAND</u>**

Plaintiff demands a trial by jury on all issues triable to a jury.

Dated this 30th day of October 2025.

Respectfully submitted,

By: */s/ Eleanor T. Barnett*
    Eleanor T. Barnett, Esq.
    Fla. Bar No. 355630

**ARMSTRONG TEASDALE LLP**
355 Alhambra Circle, Suite 1200
Coral Gables, Florida 33134
Telephone: (305) 371-8809
Email: ebarnett@atllp.com
miamiefiling@atllp.com
iplitstaff@atllp.com

and

Brian S. Tamsut, Esq.*
Bar No. 322780
btamsut@socalip.com
Michael D. Harris, Esq.*
No. 59470
mharris@socalip.com
Jonathan P. Pearce, Esq.*
Bar No. 245776
jpearce@socalip.com
*pro hac vice forthcoming
**SOCAL IP LAW GROUP LLP**
310 N. Westlake Blvd.
Suite 120
Westlake Village, CA 91362
Phone: (805) 230-1350

*Attorneys for Plaintiff*
*Barkley & Associates, Inc.*