UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BARKLEY & ASSOCIATES, INC.,

      Plaintiff,

v.                                                    Case No. 6:25-cv-2092-JA-RMN

GREGORY BRUNSHIDLE and
SONAL PATEL,

      Defendants.

_____

## ORDER

This case arises out of Defendants' purported unlicensed copying and distribution of Plaintiff's protected test materials. Now before the Court is Defendant Gregory Brunshidle's motion to dismiss. (Doc. 25). Plaintiff has filed a response in opposition. (Doc. 35). Defendant Sonal Patel has also filed a motion to dismiss (Doc. 41), which Plaintiff has not responded to yet. After careful consideration, the Court concludes that Defendant Brunshidle's motion (Doc. 25) is due to be granted in part. Because Plaintiff's Complaint will be dismissed, Defendant Patel's motion to dismiss (Doc. 41) will be denied as moot.

## I.     BACKGROUND

For over two decades, Plaintiff has created test preparation materials for graduate nursing students studying to become certified nurse practitioners.

Plaintiff alleges that it protects its test preparation materials by registering them with the United States Copyright Office and registering its federal trademarks with the United States Patent and Trademark Office. Allegedly, Defendants distributed copies of those test preparation materials without a license to users across the United States and the world.

Plaintiff claims that Defendants' unlicensed copying and distribution constitutes trademark infringement under 15 U.S.C. § 1114 (Count I), copyright infringement under 17 U.S.C. § 501 (Count II), false designation of origin or unfair competition under 15 U.S.C. § 1125(a) (Count III), and trademark infringement and unfair competition under section 495.131, Florida Statutes (Count IV).

## II.   LEGAL STANDARDS

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[D]etailed factual allegations" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). In considering a motion to

2

dismiss brought under Rule 12(b)(6), a court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *LaGrasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).

## III.   DISCUSSION

Defendant Brunshidle argues that the Complaint is due to be dismissed for various reasons, including that it is a shotgun pleading and fails to state a plausible claim.   Because the Court agrees that the Complaint is due to be dismissed as a shotgun pleading, it does not reach Brunshidle's other arguments.

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015) (citing Fed. Rs. Civ. P. 8(a)(2) and 10(b)).   In *Weiland*, the Eleventh Circuit outlined four rough types of shotgun pleadings, all of which "fail . . . to give the defendants adequate notice of the claims against them and the ground upon which each claim rests." *Id.* at 1323.   Here, the complaint "contain[s] multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." 792 F.3d at 1321–23; (Doc. 1 ¶¶ 32, 59, 70).

## IV.  CONCLUSION

Accordingly, Defendant Brunshidle's motion to dismiss (Doc. 25) is **GRANTED** in part and **DENIED** as moot in part.  The motion (Doc. 25) is **GRANTED** to the extent that Plaintiff's Complaint is a shotgun pleading.  The motion (Doc. 25) is otherwise denied as moot.  The Complaint is **dismissed without prejudice**.[1]  Defendant Patel's motion to dismiss (Doc. 41) is **DENIED as moot**.  Plaintiff may file an amended complaint on or before **May 6, 2026**.

**DONE** and **ORDERED** in Orlando, Florida, on April _11_, 2026.

_____
JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record

---

[1] Defendant Brunshidle requests that the Court dismiss the Complaint without leave to amend because the action was previously dismissed in a California federal district court.  But this request will be denied because that dismissal was due to lack of jurisdiction, which is not a ground for dismissal in this Court.

4