UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA – ORLANDO DIVISION

| | |
|---|---|
| Barkley & Associates, Inc., a California Corporation,<br>Plaintiff,<br>v.<br>Gregory Brunshidle and Sonal Patel,<br>Defendants. | No. 6:25-cv-02092-JA-RMN<br>First Amended Complaint for: (1) Trademark Infringement [15 U.S.C. § 1114], (2) Copyright Infringement [17 U.S.C. § 101 *et seq.*], (3) Lanham Act Unfair Competition [15 U.S.C. § 1125(a)], (4) Common-law Trademark Infringement, and Trademark Counterfeiting [15 U.S.C. § 1117(b)]<br>Demand for Jury Trial |

## FIRST CLAIM FOR RELIEF – TRADEMARK INFRINGEMENT [15 U.S.C. § 1114]

### A. INTRODUCTION

1. Plaintiff Barkley & Associates Inc. ("Barkley") specializes in creating test preparation materials for graduate nursing students studying to become certified nurse practitioners. Barkley creates study materials including printed study manuals, practice questions, digital materials, recorded courses and more ("Study Materials.") Barkley meticulously protects all its Study Materials by registering them with the United Sates Copyright Office.

2. Defendants Gregory Brunshidle ("Brunshidle") and Sonal Patel ("Patel") and (collectively "Defendants") hosted copies of Barkley Study Materials and distributed them without a license to users in the United States, and all over the world. These illegal sales have resulted in lost profits to Barkley and have damaged Barkley's reputation.

## B. THE PARTIES

3. Barkley is a California corporation. Its business address is 8060 Melrose Avenue, Suite 230, Los Angeles, California 90046. Barkley also provides instructors around the country for live courses including in Illinois, Ohio, and ten other states.

4. On information and belief, Defendant Brunshidle is an individual and a Florida resident residing at 4037 Indian River Drive, Cocoa, Florida 32927, in this district.

5. On information and belief, Defendant Patel is an individual and a Florida resident in Brevard County, Florida in this district.

## C. SUBJECT MATTER JURISDICTION

6. This action arises under the trademark laws of the United States, 15 U.S.C. § 1051 et *seq*. This Court has subject matter jurisdiction under 15 U.S.C. § 1121(a).

## D. PERSONAL JURISDICTION AND VENUE

7. This Court has personal jurisdiction over each defendant because each is a Florida resident, and both do business and have done business in Florida and this district.

8. This Court has personal jurisdiction over Defendants because they work together on the acts alleged in this complaint by copying Barkley's Study Materials and selling and offering the Study Materials for sale from Florida to residents of Florida and other states.

9. The Study Materials they sold and offered for sale had Barkley's registered trademarks.

10. Venue against both Defendants is proper under 15 U.S.C. § 1391(b) because both defendants live in this district. Venue is still proper in this district if Patel lives in Florida but outside this district under 15 U.S.C. § 1391(b)(1) because

Brunshidle lives in this district. Venue also is proper under 15 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## E. FACTS

11. Barkley's Study Materials are test preparation materials for students studying to become nurse practitioners. Barkley sells its Study Materials as home courses, study manuals, textbooks, recordings of classes, and other materials. The materials come in digital and print form.

12. Promotional Barkley Study Materials Barkley's reproduced below:






Barkley & Associates

8060 Melrose Ave., Suite 230
Los Angeles, CA 90046

*"Providing the Nation's BEST Nurse Practitioner Continuing Education Courses"*

**FAMILY NURSE PRACTITIONER**

**ADULT-GERONTOLOGY PRIMARY CARE CONTENT**


19. Eyes, Ear, Nose, and Throat and Upper Respiratory Disorders ..... 156
20. Integumentary Disorders ..... 168
21. Lower Respiratory Disorders ..... 186
22. Endocrine Disorders ..... 193
23. Gastrointestinal Disorders ..... 201
24. Gynecologic Concerns/Issues in Men's Health ..... 212
25. Sexually Transmitted Infections/Diseases ..... 234
26. Hematologic and Oncologic Disorders ..... 244
27. Musculoskeletal Disorders ..... 251
28. Psychosocial Disorders ..... 262
29. Neurological Disorders ..... 268
30. Useful Points ..... 277
31. HerbalAgents ..... 284
32. Instructions for Online Streaming Video (OSV) Chapters ..... 286
33. Cardiovascular Disorders ..... 289
34. Sexually Transmitted Infections (Pediatric) (OSV) ..... 299
35. Contraceptive Options (OSV) ..... 305
36. Obstetrics and Pregnancy Pearls (OSV) ..... 320
37. Evidence-Based Cultural Considerations (OSV) ..... 330
38. Practice Issues; Ethical and Legal Principles (OSV) ..... 335
39. References ..... 361


© 2023 Barkley & Associates Inc.

Growth and Development

**BARKLEY & ASSOCIATES**

**CERTIFICATION REVIEW/CLINICAL UPDATE CONTINUING EDUCATION COURSE**

**GROWTH AND DEVELOPMENT**

1. Learning Objectives
   a. Describe the multiple domains of growth and development
   b. Articulate major theories of growth and development
   c. Discuss major growth and development landmarks from birth to adolescence
   d. Revise health promotion principles across the various development stages
      i. Describe *expected developmental* progression for the pediatric lifespan
      ii. Discuss *anticipatory guidance* measures for children at various developmental stages
      iii. Identify developmental warning signs *or* **RED FLAGS**
2. Domains of Growth and Development
   a. Three primary domains:
      i. Physical domain
      ii. Cognitive domain
      iii. Psychosocial domain
   b. Disturbances of any of these may alter growth and development.
3. Guidelines: The American Academy of Pediatrics' (AAP) *Bright Futures: Guidelines of Health Supervision of Infants, Children, and Adolescents*

**The Physical Domain**

1. Physical growth occurs in an orderly, predictable sequence; direction of growth as follows:
   a. Cephalo→ Caudal
   b. Proximal→ Distal
2. Individual variability, genetic characteristics, ethnicities, and cultural practices all influence physical development.
3. Sequential measurements are important.

**Nutritional Factors**

1. Breastfeeding
   a. Is the perfect food for humans; cannot be duplicated
   b. Decreases illness in infants
   c. Maternal antibodies are transferred to infants.
   d. Decreases gastrointestinal (GI) problems such as GERD
   e. Decreases allergies as breast milk contains anti-inflammatory agents to decrease atopy; fewer allergies in children who are breastfed
   f. Breastfeeding during painful procedures provides analgesia.
   g. The longer the mother breastfeeds, the lower the risk of obesity in the child; independent of education and socioeconomic status.

© 2023 Barkley & Associates, Inc.

13. Barkley protects its trademarks for its Study Materials by registering with the United States Patent and Trademark Office. Those registered trademarks follow this paragraph.

| U.S. Trademark Registration No. | Trademark |
|---|---|
| 6272223 | |
| 6270781 | BARKLEY & ASSOCIATES |

14. The two trademarks are bordered in red in the image of paragraph 12.

15. Barkley has used the trademarks on its Study Guides continuously since 2002, and used them continuously in interstate commerce since 2003.

16. Barkley displays its registered trademarks on all its Study Materials, so consumers know their source.

17. Exhibit 1 contains copies of those Barkley's trademark registration certificates Nos. 6,270,781 and 6,272,223.

18. Barkley has spent over two decades and significant money on advertising, promoting, and marketing its Study Materials. The BARKLEY & ASSOCIATES brand and its Study Materials have achieved widespread recognition and fame throughout the United States.

19. Barkley is the owner of all the rights, title, and interest in the two registered trademarks.

20. Defendant made copies of Barkley's Study Materials and retained the Barkley trademarks on the copies. Defendants sold the copies.

21. Defendant enticed nursing students to buy infringing copies of Barkley Study Materials posted to Defendants' YouTube channel and sold by Defendants rather than buying legitimate Barkley Study Materials.

22. Defendants kept Barkley's registered trademark logo and BARKLEY & ASSOCIATES® trademark on pages to fool consumers into thinking they were buying legitimate Barkley Study Materials.

23. Barkley also owns extensive common law rights in the BARKLEY & ASSOCIATES marks for Barkley's Study Materials and services. Barkley continuously used the marks in interstate commerce for more than twenty years in connection with the sale, distribution, promotion, and advertising of genuine Barkley test preparation goods and services.

24. Because of continuous and long-standing promotion, substantial sales, and consumer recognition, Barkley has developed powerful trademarks rights and has built substantial goodwill in the trademarks.

25. Having distinctive trademarks that are readily identifiable is a key factor in creating and maintaining a market for Barkley's Study Materials and services, in identifying Barkley and its brands, and in distinguishing Barkley's Study Materials from the products of others.

26. Barkley's Study Materials also displayed multiple BARKLEY & ASSOCIATES® trademarks with the circled "R," "®," which serves as public notice of Barkley's trademark rights and helps establish willful trademark infringement.

27. Defendants' use of Barkley's trademarks is likely to confuse, mislead, or deceive potential consumers, purchasers, and the general buying public as to the source, origin, sponsorship, or affiliation of Defendants' goods with Barkley's. Defendants' trademark use also is likely to cause people to believe incorrectly that Barkley authorized, sponsored, approved, endorsed, or licensed Defendants' goods or that Defendants are affiliated with Barkley.

28. Defendants' unauthorized use of Barkley's trademarks is trademark infringement of Barkley's federally registered trademarks that caused damage to

Barkley and the substantial business and goodwill embodied in Barkley's trademarks in violation of 15 U.S.C. § 1114.

29. Defendants copied Barkley's marks because Defendants knew that doing so would garner attention and drive sales to it, confuse consumers and damage Barkley.

30. Defendant's unsanctioned products are likely to confuse consumers, create a false association between those products and Barkley's, and dilute Barkley's famous brand.

31. Unless the Court permanently enjoins Defendants from continuing to sell infringing goods, the infringement will continue, and consumers will continue to be confused.

32. As a direct and proximate result of Defendants' wrongful acts, Barkley suffered, continues to suffer, and is likely to suffer damage to its trademarks, business reputation, and goodwill that money cannot compensate. Unless enjoined, Defendants will continue to use Barkley's marks or confusingly similar marks and will cause irreparable damage to Barkley, Barkley's trademarks, and to the business and goodwill they represent for which Barkley has no adequate remedy at law.

33. Barkley has the right to a rebuttable presumption of irreparable harm after a finding of trademark infringement under 15 U.S.C. § 1116.

34. Barkley also has the right to recover from Defendants the actual damages Barkley sustained, is sustaining, or is likely to sustain because of Defendant's wrongful acts.

35. On information and belief, Defendants obtained gains, profits, and advantages because of their wrongful acts and will continue to do so in an amount yet to be determined.

36. Defendants' use of Barkley's trademarks and confusingly similar marks has been intentional and willful. The egregious and prominent use of Barkley's trademarks in connection with the sale and promotion of competing goods and the extensive nature of the infringement evidences Defendants' bad faith. Because of the willful nature of Defendants' wrongful acts, Barkley has the right to an award of treble damages and increased profits under 15 U.S.C. § 1117.

37. Because of Defendants' infringement of Barkley's registered marks, Barkley is entitled under 15 U.S.C. § 1117(a), subject to the principles of equity, to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) costs.

38. Under 15 U.S.C. § 1117(a), Defendants' infringement of Barkley's registered trademarks lets this Court enhance the damages arising from infringement, up to three times the actual damages, according to the circumstances. The circumstances here warrant the enhancement to address a variety of undercompensated harm, including difficulty in assessing damage. Lost profits cannot address the ongoing harm, and enhanced damages advance the cause of deterring Defendants and others similarly situated from repeating this unfair and deceptive behavior.

39. Barkley is entitled to recover its attorney fees in exceptional cases under 15 U.S.C. § 1117(a). This case is exceptional considering the totality of the circumstances.

## SECOND CLAIM FOR RELIEF - COPYRIGHT INFRINGEMENT

## [17 U.S.C. § 501]

40. Barkley repeats the allegations of previous paragraphs 1 through 5, 7, and 8.

41. This Court has subject matter jurisdiction under 28 U.S.C. § 1338(a) because this claim arises under the copyright laws of the United States, 17 U.S.C. § 501 *et seq.*

42. Barkley creates test preparation materials for graduate nursing students studying to become certified nurse practitioners ("Study Materials.") Barkley's printed Study Materials include printed study manuals, practice questions, digital materials, recorded courses and more.

43. A sampling of Barkley's copyrighted Study Materials works is listed below:

| **Title** | **Copyright No.** |
|---|---|
| Adult-Gerontology Acute Care Nurse Practitioner ACNP | TX0008198957 |
| Adult-Gerontology Primary Care Nurse Practitioner AG-PCNP | TX0008198960 |
| Pediatric Primary Care Nurse Practitioner PNP | TX0008198960 |
| Psychiatric Mental Health Nurse Practitioner PMHNP | TX0008199468 |
| Women's Health Care Nurse Practitioner WHNP | TX0008204759 |
| Family Nurse Practitioner | TX0008204763 |
| Emergency Nurse Practitioner ENP | TX0008891069 |
| Adult-Gerontology Acute Care Nurse Practitioner Audio Recordings | SR881728 |
| Adult-Gerontology Primary Care Nurse Practitioner Audio Recordings | SR881-483 |
| Pediatric Primary Care Nurse Practitioner Audio Recordings | SR880376 |
| Psychiatric Mental Health Nurse Practitioner Audio Recordings | SR881727 |

| Title | Copyright No. |
|---|---|
| Family Nurse Practitioner Audio Recordings | SR880380 |
| Women’s Health Care Nurse Practitioner Audio Recordings | SR881545 |
| Emergency Nurse Practitioner Audio Recordings | SR881735 |

44. On information and belief, Defendants copied or obtained copies of one or more of these Barkley Study Materials.

45. Defendants posted on their YouTube channel unauthorized copies of Barkley Study Materials and invited users to visit Defendants’ YouTube channel to view a complete replication of Barkley copyrighted Study Materials.

46. Users of Defendants’ YouTube channel viewed Barkley Study Materials with Barkley’s trademarks, which are counterfeits. Defendants displaying the Study Materials violates Barkley’s exclusive rights to  perform the copyrighted work publicly and to display the copyrighted work publicly.

47. As shown in the screen shot below, Defendants uploaded one of Barkley’s entire courses to YouTube and invited thousands of nursing students to view the video:






48. Barkley received no payment from Defendants' posting above from the students who viewed Barkey's copyrighted Study Materials or from Defendants

49. Defendants had neither permission nor a license to sell or make copies of any Barkley Study Materials.

50. Barkley displays the following warning before students participate in Barkley courses and use Barkley Copyright materials:




51. Barkley's Study Materials also displayed the circled "C," "©," which serves as public notice of a copyright claim and helps establish willful copyrights infringement.

52. Despite these warnings, Defendants pursued potential customers for counterfeit goods by soliciting people to create accounts on Defendants' platform and pay for unlicensed Study Materials.

53. Defendants made and continue to make products that copy the total image of Barkley's Study Materials in violation of Barkley's copyright rights.

54. Barkley's Study Materials including PDFs, written manuals, textbooks, study guides, practice tests, classroom recordings, and videos and all their elements in all versions of development and production are all original works containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101 et seq.

55. Barkley owns copyrights on its various Study Materials, and Barkley registered them with the United Stated Copyright Office. Exhibit 2 contains copies of those registration certificates.

56. Barkley's registered those copyrights within five years of the first publication of each, so they are prima facie evidence of the copyrights' validity and of the facts stated in the certificates.

57. Defendants directly infringed Barkley's exclusive rights in its registered works in violation of 17 U.S.C. § 501.

58. Defendants' sale of infringing testing material, including digital pdfs, infringes Barkley's exclusive right to sell copies of the copyrighted work, and to publicly display the copyrighted work under 17 U.S.C. § 106.

59. Defendants infringed Barkley's exclusive rights granted to it as the lawful copyright owner, and Defendants unlawfully trespassed into Barkley's exclusive domain by creating and selling unauthorized versions of Barkley's copyrighted Study Materials.

60. Defendants sell products that copy Barkley's copyrighted Study Materials. Defendants also publish and display on their Internet website and on the sites of Defendants' authorized e-commerce re-sellers that infringes Barkley's copyrighted Study Materials. Defendants violated at least one of the exclusive rights in 17 U.S.C. § 106.

61. Defendants try to capitalize on Barkley's exclusive copyright rights.

62. Barkley suffered damages. Because of Defendants' copyright infringement, Defendants earned profits Defendants otherwise would not have earned.

63. On information and belief, Defendants' infringing conduct was and continues to be and with full knowledge of Barkley's rights.

64. Barkley has the right to the maximum statutory damages under 17 U.S.C. § 504(c) for Defendants' willful infringing conduct, and for any other amounts proper under Section 504(c).

65. As a direct and proximate result of the Defendants' infringing conduct, Barkley sustained and will continue to sustain substantial, immediate, and irreparable injury for which there is no adequate remedy at law. Unless the Court enjoins Defendants' infringing conduct, Defendants will continue to infringe the copyrighted work. Barkley has the right to permanent injunctive relief restraining and enjoining Defendants' ongoing infringing conduct.

66. Barkley is also entitled to statutory damages under 17 U.S.C. § 504 of at least $30,000 per infringing work. Because Defendants' infringement was willful, Defendants is liable for statutory damages of $150,000 per infringing wounder 17 U.S.C. § 504(c)(2).

## THIRD CLAIM FOR RELIEF – FALSE DESIGNATION OF ORIGIN / UNFAIR COMPETITION [15 U.S.C. § 1125(a)]

67. Barkley repeats the allegations of previous paragraphs 1 through 5, 7, and 8.

68. This action arises under 15 U.S.C. § 1125(a) 15 U.S. Code § 1125 based on defendants' false designations of origin. This Court has subject matter jurisdiction under 15 U.S.C. § 1121(a).

69. Barkley creates test preparation materials for graduate nursing students studying to become certified nurse practitioners ("Study Materials.") Barkley's printed Study Materials include printed study manuals, practice questions, digital materials, recorded courses and more.

70. Defendants' unauthorized use of Barkley's trademarks and copyrights and confusingly similar versions is a false designation of origin likely to cause consumer confusion, mistake, or deception as to the origin, sponsorship, or approval of Defendants' competing printed study manuals, practice questions, digital materials, recorded courses and more ("Study Materials") by creating the false and misleading impression that Barkley produces, authorizes, or otherwise associates with Defendants.

71. Defendants' conduct is false designation of origin and unfair competition in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

72. Defendants' conduct is willful.

73. As a direct and proximate result of Defendants' wrongful acts, Barkley has suffered, continues to suffer, and is likely to suffer damage to its brands, business reputation, and goodwill that money cannot compensate. Unless enjoined, Defendants will continue to use Barkley's trademarks and copyrights and will cause irreparable damage to Barkley and to the represented business and goodwill, for which Barkley has no adequate remedy at law.

74. Barkley also has the right to recover from Defendants the actual damages Barkley has sustained, is sustaining, and is likely to sustain because of Defendants' wrongful acts.

75. Because of the willful nature of Defendants' wrongful acts, Barkley has the right to an award of treble damages and increased profits under 15 U.S.C. § 1117.

76. Because this is an exceptional case, Barkley also has the right to recover its costs of suit and its attorney fees under 15 U.S.C. § 1117.

77. Defendants' conduct is causing immediate and irreparable harm and injury to Barkley, and to its goodwill and reputation, and will continue to both damage Barkley and confuse the public unless enjoined by this court. Barkley has no other adequate remedy at law.

78. Barkley is entitled to, among other relief, injunctive relief, and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorney fees, and costs under Lanham Act §§ 34 and 35, 15 U.S.C. §§ 1116–1117, together with prejudgment and post judgment interest.

## FOURTH CLAIM FOR RELIEF – TRADEMARK COUNTERFEITING [15 U.S.C. § 1117(b)]

79. Barkley repeats the allegations of previous paragraphs 1 through 5, 7, and 8.

80. This claim for relief arises under Lanham Trademark Act, 15 U.S.C. §§ 1051–1127.

81. This court has subject matter jurisdiction over this claim for relief under 28 U.S.C. §§ 1338(a), 15 U.S.C. § 1121(a), and other federal statutes.

82. Barkley specializes in creating Study Materials including, test preparation materials for graduate nursing students studying to become certified nurse practitioners ("Study Materials.") Barkley's printed Study Materials include printed study manuals, practice questions, digital materials, recorded courses and more.

83. Barkley sells its Study Materials.

84. A sampling of Barkley's copyrighted Study Materials works is listed in Paragraph 42, above, which Barkley incorporates by reference.

85. Barkley protects its trademarks for its Study Materials by registering them with the United States Patent and Trademark Office. Those registered trademarks follow this paragraph.

| U.S. Trademark Registration No. | Trademark |
|---|---|
| 6272223 | Barkley & ASSOCIATES |
| 6270781 | BARKLEY & ASSOCIATES |

86. Barkley has used the trademarks on its Study Guides continuously since 2002, and used them continuously in interstate commerce since 2003.

87. Barkley displays its registered trademarks on all its Study Materials, so consumers know their source.

88. Defendants copied or obtained copies of one or more of these Barkley Study Materials.

89. Defendants posted on their YouTube channel unauthorized copies of Barkley Study Materials with the Barkley trademarks such that the combined copies with the trademarks are counterfeits of Barkley Study Materials. Defendants invited users to visit Defendants' YouTube channel to view a complete replication of Barkley copyrighted Study Materials.

90. Users of Defendants' YouTube channel viewed Barkley Study Materials with Barkley's trademarks, which are counterfeits. Defendants displaying the Study Materials violates Barkley's exclusive rights to perform the copyrighted work publicly and to display the copyrighted work publicly.

91. Barkley received no payment from Defendants' posting above from the students who viewed Barkey's copyrighted Study Materials or from Defendants.

92. Defendants had neither permission nor a license to sell or make copies of any Barkley Study Materials.

93. Barkley displays the following warning before students participate in Barkley courses and use Barkley Copyright materials:




94. Barkley's Study Materials also displayed the circled "C," "©," which serves as public notice of a copyright claim and helps establish willful copyrights infringement.

95. Despite these warnings, Defendants pursued potential customers for counterfeit goods by soliciting people to create accounts on Defendants' platform and pay for unlicensed Study Materials.

96. Defendants made and continue to make copies of Barkley Study Materials with the Barkley trademarks in interstate commerce in violation of Barkley's rights.

97. Barkley's Study Materials including PDFs, written manuals, textbooks, study guides, practice tests, classroom recordings, and videos and all their elements in all versions of development and production are all original works containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101 et seq.

98. Barkley owns copyrights on its various Study Materials, and Barkley registered them with the United Stated Copyright Office. Exhibit 2 has copies of those registration certificates.

99. Barkley's registered those copyrights within five years of the first publication of each, so they are prima facie evidence of the copyrights' validity and of the facts stated in the certificates.

100. Defendants directly infringed Barkley's exclusive rights in its registered works in violation of 17 U.S.C. § 501.

101. Defendants' sale of infringing testing material, including digital pdfs, with Barkley's registered trademarks are acts of counterfeiting under 15 U.S.C. § 1117(b)].

102. Defendants infringed Barkley's exclusive rights granted to it as the lawful copyright owner, and Defendants unlawfully trespassed into Barkley's exclusive domain by creating and selling unauthorized versions of Barkley's copyrighted Study Materials.

103. Defendants sell products that copy Barkley's copyrighted Study Materials with Barkley trademarks.

104. Since shortly after the registration of the two trademarks, Barkley has used trademarks with the circled "R," "®," which serves as public notice of Barkley's trademark rights and establishes infringers' willful trademark infringement.

105. Barkley has devoted substantial resources to promoting its trademarks' goodwill. Barkley developed strong brand recognition for its trademarked Study Materials and consumers associate Barkley's trademarks with Barkley's Study Materials.

106. Under 15 U.S.C. § 1111, Barkley's use of the registration symbol puts Defendants on notice of the Barkley Trademarks and subjects Defendants to liability for Barkley's lost profits and other damages and for Defendants' profits, statutory damages, treble damages or profits, compensatory damages, punitive damages, pre-judgment interest, attorney fees, investigators' fees, and costs from

Defendants for each Barkley mark that Defendants willfully and maliciously counterfeited.

107. By using counterfeits and infringements of the Barkley Trademarks on Defendants' Study Materials, Defendants trade upon Barkley's goodwill and reputation and create the false impression that Defendants' Study Materials are Barkley's legitimate products.

108. Defendants have been unjustly enriched by illegally using and misappropriating Barkley's intellectual property for each Defendant's own financial gain. Each unfairly benefited and profited from Barkley's outstanding reputation for high quality products and its significant advertising and promotion of Barkley Cosmetics and the Barkley Trademarks.

109. Defendants' distribution of its counterfeit materials has and will: (i) reflect adversely on Barkley as the believed source of origin; (ii) hamper continuing efforts by Barkley to protect its outstanding reputation for high quality, originality, and distinctive Study Materials; and (iii) tarnish the goodwill and demand for genuine Barkley Study Materials.

110. Defendants' acts are trademark counterfeiting in violation of Lanham Act § 32, 15 U.S.C. § 1114.

111. Defendants acted with reckless disregard of Barkley's rights or were willfully blind to those rights in its unlawful activities. This is a case of intentional counterfeiting under 15 U.S.C. § 1117(b), and the case is "exceptional" under 15 U.S.C. § 1117(a).

112. Defendants' acts cause Barkley to suffer irreparable harm and damages in an amount not determined. Defendants' wrongful advertisement, promotion, distribution, sale and offers of sale of its Study Materials bearing infringements or counterfeits of the Barkley Trademarks directly and proximately caused the injuries and damages Barkley sustained.

113. Barkley has no adequate remedy at law.

114. Defendants' wrongful acts including counterfeiting or infringing the Barkley Trademarks will continue unless enjoined by the Court.

115. From the foregoing, Defendants are liable to Barkley for: (a) statutory damages up to $2 million for each counterfeited trademark as 15 U.S.C. § 1117(c) provides, or, at Barkley's election, an amount representing three times Barkley's damage or Defendants' illicit profits; and (b) reasonable attorney's fees, investigative fees, and pre-judgment interest under 15 U.S.C. § 1117(b).

## FIFTH CLAIM FOR RELIEF – COMMON LAW TRADEMARK INFRINGEMENT UNDER FLORIDA STATE LAW

116. Barkley repeats the allegations of previous paragraphs 1 through 5, 7, and 8.

117. This Court has subject matter jurisdiction over this Florida claim under 28 U.S.C. § 1338(b) because the state law claims are claims of unfair competition when joined with a substantial and related claim under federal copyright or trademark laws.

118. Barkley has continuously used the trademarks and BARKLEY & ASSOCIATES in Florida through the sale of test preparation materials for graduate nursing students studying to become certified nurse practitioners ("Study Materials."). Barkley's printed Study Materials include printed study manuals, practice questions, digital materials, recorded courses and more.

119. Barkley owns the common law trademark rights to its trademarks for its Study Materials.

120. Barkley has used its trademarks in Florida or directed to Florida residents before Defendants began using them.

121. Barkley has common law trademark priority over Defendants because Barkley used the trademarks in Florida before Defendants began using them.

122. Consumers are being confused and misled by Defendants' labels, which Defendants intentionally make to copy Barkley's trademarks and divert away Barkley's customers and create a false endorsement by Barkley.

123. Defendants infringed and continue to infringe Barkley's trademarks willfully.

124. Defendants knew or should have known that Defendants' infringement would cause Barkley to lose business.

125. Defendants' conduct was unlawful, unfair, and fraudulent and had the potential to cause confusion. Defendants' conduct alleged above constitutes unfair competition under Florida common law.

126. As a direct and proximate result of Defendants' wrongful acts, Barkley suffered and will continue to suffer substantial financial losses through lost sales that but for Defendants' conduct it would have made.

127. Those lost sales and injury to its business reputation and goodwill are irreparable. Barkley's remedy at law is not adequate to compensate for injuries Defendants inflicted so Barkley has the right to injunctive relief.

128. Defendants' acts as described above were done with oppression, fraud, and malice, entitling Barkley to an award of punitive damages, in an amount to be established.

129. Defendants' actions show an intentional, willful, and malicious intent to misappropriate Barkley's efforts developing and marketing its products.

130. Defendants acted in reckless disregard of Barkley's rights.

131. Barkley has a famous reputation that needs to avoid being associated with Defendants' copies of Barkley Study Materials.

132. Defendants' infringements and other alleged acts unjustly enriched them.

133. Barkley also is entitled to recover any unjust enrichment caused by Defendants' misappropriation of Barkley's property.

134. Defendants' infringement was willful and designed to damage Barkley entitling Barkley to enhanced and punitive damages from Defendants.

## REQUEST FOR RELIEF

WHEREFORE, Barkley respectfully prays for:

135. Judgment and order that Defendants willfully: (a) infringed Barkley's federally registered trademarks in violation of 15 U.S.C. § 1114, (b) infringed Barkley's common-law trademarks, (c) infringed Barkley's registered copyrights in violation of 17 U.S.C. § 106, (d) used false designations of origin and engaged in unlawful unfair competition in violation of 15 U.S.C. § 1125(a), and (e) sold counterfeit copies of Barkley's Study Materials with Barkley's registered trademarks under 15 U.S.C. § 1117(b).

136. Judgment awarding Barkley statutory damages instead of actual damages and profits of $4,000,000 under 15 U.S.C. § 1117(c) for willful infringement of Barkley's two registered trademarks.

137. Judgment awarding Barkley statutory damages instead of actual damages and profits of $150,000 based on Defendants' willful infringement under 17 U.S.C. § 504(c)(1) for each registered copyright that Defendants infringed.

138. Judgment enjoining Defendants and all Defendants' affiliates, officers, partners, authorized retailers and distributors, agents, employees, contractors, attorneys, and all other people acting in concert with or at the direction of each Defendant only or Defendants jointly from manufacturing, minting, labeling, designing, making, offering, delivering, displaying, warehousing, storing, transporting, promoting, advertising, publicizing, distributing, offering for sale,

or selling any products that copy Barkley's registered, copyrighted works or that bear Barkley's registered trademarks, including substantially similar or indistinguishable versions, or any other marks, designs, artwork, packaging, bottles, labels, names, symbols, or logos likely to cause confusion or to cause mistake or to deceive people into the erroneous belief that any products emanating from Defendants' or any of Defendants' commercial activities are made or created, sponsored, licensed, or authorized by Barkley, or are connected or affiliated with Barkley.

139. Judgment that Defendants and all Defendants' affiliates, officers, partners, authorized retailers and distributors, agents, employees, contractors, attorneys, and all other people acting in concert or at the direction of Defendants, Defendants must deliver to Barkley for destruction all products, artwork, designs, promotional materials, business cards, signs, labels, advertisements, flyers, circulars, all the foregoing including both digital and physical files and materials, and any other items in any of Defendants' possession, custody, or control bearing confusingly similar copies of Barkley's marks, and copyrights, and related labels and logos or any simulation, reproduction, copy or colorable imitation, and all plates, molds, matrices, and other means of production under 15 U.S.C. § 1118.

140. Judgment that Defendants and all Defendants' affiliates, officers, partners, authorized retailers and distributors, agents, employees, contractors, attorneys, and all other people acting in concert with Defendants or at Defendants' direction be enjoined and restrained from:

(a) using any reproduction, copy, or colorable imitation of the Barkley marks, copyrights, and related labels and logos, to identify any goods or the rendering of any services not authorized by Barkley;

(b) engaging in any course of conduct likely to cause confusion, deception, or mistake, or injure Barkley's business reputation or weaken the distinctive quality of the Barkley marks, copyrights, and related labels;

(c) using a false description or representation including words or other symbols falsely describing or representing Defendants' unauthorized goods as being those of Barkley or sponsored by or associated with Barkley and from offering such goods in commerce;

(d) further infringing the Barkley registered trademarks, registered copyrights, and related labels and logos by manufacturing, producing, importing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, displaying, or otherwise disposing of any products not authorized by Barkley bearing any simulation, reproduction, copy or colorable imitation of the Barkley registered trademarks, registered copyrights, and related labels and logos;

(e) using any simulation, reproduction, copy or colorable imitation of the Barkley marks, copyrights, and in the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any unauthorized products in such fashion as to relate or connect, or relate or connect, such products to Barkley, or to any goods sold, made, sponsored or approved by, or connected with Barkley;

(f) making any statement or representation, or using any false designation of origin or false description, or performing any act that can or is likely to lead the trade or public, or individual members of the trade or public, to believe that any products made, distributed, imported sold or offered for sale is associated or connected with Barkley; or is sold, made, licensed, sponsored, approved or authorized by Barkley;

(g) engaging in any conduct infringing the Barkley registered trademarks, registered copyrights, or engaging in any act constituting any weakening of Barkley's name, reputation, or goodwill;

(h) using or continuing to use Barkley registered trademarks, registered copyrights, or trade names or any variation thereof on the Internet (either in the text of websites, as a domain name, or as a key word, search word, metatag, or any part of the description of the site in any submission for registration of any Internet site with a search engine or index) in any goods or services not directly authorized by Barkley;

(i) hosting or acting as internet service provider for or operating any websites that offer for sale any products bearing the Barkley marks, copyrights.

(j) secreting, destroying, changing, removing, or otherwise dealing with the unauthorized products or any books or records that have any information relating to the copying, importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, or displaying any products that infringe the Barkley registered trademarks or registered copyrights. And

(k) affecting assignments or transfers, forming new entities or associations, or using any other device to circumvent or otherwise avoiding the prohibitions in subparagraphs (a) through (j).

141. Judgment that Defendants and all Defendants' affiliates, officers, partners, authorized retailers and distributors, agents, employees, contractors, attorneys, and all other people acting in concert with Defendants or at the direction of Defendants, within ten days of judgment, take all steps necessary to remove from all websites Defendants own or control all text or other media offering for

sale any merchandise bearing copies of the Barkley marks, copyrights, including substantially similar versions thereof and therefrom.

142. Judgment granting an award of damages suffered by Barkley according to proof at the time of trial.

143. Judgment that Defendants account to Barkley for all profits earned because of Defendants' acts in violation of Barkley's rights and disgorgement of those profits to Barkley.

144. Judgment granting an award of three times the amount of compensatory damages and increased profits under 15 U.S.C. § 1117.

145. Judgment that Defendants, on behalf of all Defendants' affiliates, officers, partners, authorized retailers and distributors, agents, employees, contractors, attorneys, and all other people acting in concert with Defendants or at the direction of Defendants, within 30 days of judgment, file with this court and serve Barkley with a notarized sworn statement under 15 U.S.C. § 1116(a) detailing the manner and form in which Defendants complied with the final judgment and order.

146. Judgment that Defendants pay Barkley's costs with reasonable attorneys and investigators fees and prejudgment interest under 15 U.S.C. § 1117.

147. Judgment granting an award of punitive damages to Barkley for Defendants' willful, malicious, and bad faith conduct under Florida common law.

148. Judgment directing this Court to retain jurisdiction to enable Barkley to apply to the Court at any time for further orders and interpretation or execution of any order entered, to change any order like this, for enforcement or compliance with the orders and for the punishment of any violations.

149. Judgment directing any other relief that the Court may consider appropriate to prevent the trade and public from deriving any incorrect impression

that any products made, sold, or otherwise circulated or promoted by Defendants is authorized by Barkley or related to Barkley's products.

/s/Brian S. Tamsut

Brian S. Tamsut, *pro hac vice*
CA Bar No. 322780
btamsut@socalip.com
**SoCal IP Law Group LLP**
310 N. Westlake Blvd., Suite 120
Westlake Village, CA 91362
Phone: (805) 230-1350

April 30, 2026

Eleanor T. Barnett, Esq.
Florida Bar No. 355630
**ARMSTRONG TEASDALE LLP**
355 Alhambra Circle, Suite 1200
Coral Gables, Florida 33134
Telephone: (305) 371-8809
ebarnett@atllp.com
FOR SERVICE:
miamiefiling@atllp.com

and

Brian S. Tamsut, pro hac vice
CA Bar No. 322780
btamsut@socalip.com
Michael D. Harris, pro hac vice
CA Bar No. 59470
mharris@socalip.com
Jonathan P. Pearce, pro hac vice
CA Bar No. 245776
jpearce@socalip.com
**SoCal IP Law Group LLP**
310 N. Westlake Blvd., Suite 120
Westlake Village, CA 91362
Phone: (805) 230-1350

Attorneys for Barkley & Associates, Inc.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable to a jury.

April 30, 2026

Eleanor T. Barnett, Esq.
Florida Bar No. 355630
**ARMSTRONG TEASDALE LLP**
355 Alhambra Circle, Suite 1200
Coral Gables, Florida 33134
Telephone: (305) 371-8809
ebarnett@atllp.com
FOR SERVICE:
miamiefiling@atllp.com

and

Brian S. Tamsut, pro hac vice
CA Bar No. 322780
btamsut@socalip.com
Michael D. Harris, pro hac vice
CA Bar No. 59470
mharris@socalip.com
Jonathan P. Pearce, pro hac vice
CA Bar No. 245776
jpearce@socalip.com
**SOCAL IP LAW GROUP LLP**
310 N. Westlake Blvd., Suite 120
Westlake Village, CA 91362
Phone: (805) 230-1350

Attorneys for Barkley & Associates, Inc.