UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**BARKLEY & ASSOCIATES, INC.,**

**Plaintiff,**

**v.** **Case No. 6:25-cv-2092-JA-RMN**

**GREGORY BRUNSHIDLE and SONAL PATEL,**

**Defendants.**

---

**ORDER**

This intellectual-property case concerns the alleged unauthorized dissemination by Defendants, Gregory Brunshidle and Sonal Patel, of Plaintiff, Barkley & Associates, Inc.'s proprietary test-preparation materials. Barkley brings five claims for trademark and copyright infringement. (Am. Compl., Doc. 45). Now before the Court are Defendants' motion for judgment on the pleadings (Doc. 67) and Barkley's response (Doc. 68). Based on the Court's review of the parties' submissions, the motion must be granted.

## I. BACKGROUND

Barkley creates online courses and digital practice guides for nursing students seeking credentialing as nurse practitioners. (Am. Compl. ¶¶ 1, 43). Barkley holds trademark registrations with the United States Patent and

Trademark Office,[1] and Barkley's test-preparation materials are registered with the United States Copyright Office. (*Id.* ¶¶ 1, 13). Barkley imbeds its registered trademarks on all of its study materials. (*Id.* ¶ 16).

Barkley alleges that Defendants illicitly published its test-preparation materials on YouTube, including an entire video course. (Am. Compl. ¶¶ 20–21, 47). Defendants purportedly retained Barkley's registered trademarks on the materials to deceive consumers into believing that Barkley had authorized Defendants to post them. (*Id.* ¶ 22). Defendants also purportedly solicited consumers to create accounts on Defendants' website and pay Defendants for access to Barkley's study materials, including digital PDFs. (*Id.* ¶¶ 52, 58, 60). Barkley did not receive proceeds from Defendants' alleged unauthorized sale of its materials. (*Id.* ¶ 91).

Barkley seeks monetary damages and injunctive relief for Defendants' alleged violations of its intellectual-property rights. (*See* Am. Compl. ¶¶ 135–49). Barkley brings claims for trademark infringement (Count I); copyright infringement (Count II); false designation of origin and unfair competition (Count III); trademark counterfeiting (Count IV); and common law trademark infringement (Count V). Defendants now jointly move for judgment on the pleadings on all five counts of the amended complaint (Doc. 67), arguing that

---

[1] U.S. Trademark Registration Nos. 6272223 & 6270781.

Barkley's trademark claims are preempted by the Copyright Act and that the amended complaint lacks factual allegations to support the assertion that Defendants copied protectable elements of Barkley's registered works.

## II. LEGAL STANDARDS

"A party may move for judgment on the pleadings at any point after the pleadings are closed, so long as doing so will not delay trial." *Bell v. Equifax Info. Servs. LLC*, No. 5:21-cv-543, 2022 WL 2763344, at *1 (M.D. Fla. July 14, 2022) (citing Fed. R. Civ. P. 12(c)). "The motion will be granted when 'material facts are not in dispute and judgment can be rendered by looking at the substance of the pleadings and any judicially noticed facts.'" *Id.* (quoting *Bankers Ins. Co. v. Fla. Residential Prop. & Cas. Joint Underwriting Ass'n*, 137 F.3d 1293, 1295 (11th Cir. 1998)).

"A motion for judgment on the pleadings is governed by the same standard as a Rule 12(b)(6) motion to dismiss." *Guarino v. Wyeth LLC*, 823 F. Supp. 2d 1289, 1291 (M.D. Fla. 2011). "When considering [a motion for judgment on the pleadings], the Court must 'accept the facts alleged in the complaint as true and draw all inferences that favor the nonmovant.'" *Id.* (quoting *Bankers Ins. Co.*, 137 F.3d at 1295). "If a comparison of the averments in the competing pleadings reveals a material dispute of fact, judgment on the pleadings must be denied." *Perez v. Wells Fargo*, 774 F.3d 1329, 1335 (11th Cir. 2014). "When a 12(c) motion questions whether the complaint states a claim, 'the question [is] the same' as a

12(b)(6) motion." *Marc Anthony Builders, Inc. v. Javic Props., LLC*, No. 8:11-cv-00432, 2011 WL 2709882, at *1 (M.D. Fla. July 12, 2011) (alteration in original) (quoting *Strategic Income Fund, LLC v. Spears, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 n.8 (11th Cir. 2002)).

## III. DISCUSSION

### A. Preemption of Trademark Claims by Copyright Act

The Copyright Act provides that "all legal or equitable rights that are equivalent to any of the exclusive rights... within the subject matter of copyright . . . are governed exclusively by this title." 17 U.S.C. § 301(a). Among the exclusive rights granted by the Copyright Act are the rights "to reproduce the copyrighted works, to prepare derivative works, and to distribute copies to the public." 17 U.S.C. § 106. The Copyright Act may preempt state-law claims or federal trademark claims under the Lanham Act, 15 U.S.C. §§ 1051 et seq., when those claims overlap with rights protected by the Copyright Act. *See Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003).

The Eleventh Circuit has applied a two-pronged test to determine whether a law is preempted by the Copyright Act. First, a court must decide "whether the rights at issue fall within the 'subject matter of copyright.'" *Crow v. Wainwright*, 720 F.2d 1224, 1225–26 (11th Cir. 1983). Next, a court must determine whether "the rights at issue are 'equivalent to' the exclusive rights of [17 U.S.C. §] 106." *Id.*; *see also Lipscher v. LRP Publ'ns, Inc.*, 266 F.3d 1305,

1311 (11th Cir. 2001). Here, Barkley's test-preparation materials fall within the subject matter of copyright, as they are "original works of authorship fixed in any tangible medium of expression," for which Barkley purportedly holds a valid copyright. 17 U.S.C. § 102. (*See* Am. Compl. ¶¶ 1, 69).

Barkley alleges that Defendants published unauthorized facsimiles of its materials while retaining Barkley's name and logo on the copies. These allegations lie within the subject matter of copyright. Barkley does not make allegations that sound in trademark, such as Defendants passing off their own test materials as having been created by Barkley, or Defendants suppressing Barkley's mark and selling Barkley's materials under Defendants' own mark. *See Suntree Techs., Inc. v. Ecosense Int'l, Inc.*, 693 F.3d 1338, 1346 (11th Cir. 2012). Instead, Defendants are alleged to have copied and sold Barkley's materials in a manner that "violated Barkley's exclusive rights to perform the copyrighted work publicly and to display the copyrighted work publicly." (Am. Compl. ¶ 90). These rights are governed by section 106 of the Copyright Act and are therefore preempted. *See also Montgomery v. Noga*, 168 F.3d 1282, 1299 (11th Cir. 1999) (explaining that "copyright infringement alone 'does not amount to a . . . false designation to establish a claim under [15 U.S.C. § 1125(a)]'" (quoting *Cognotec Servs. Ltd. v. Morgan Guar. Tr. Co.*, 862 F. Supp. 45, 51 (S.D.N.Y. 1994))).

Barkley attempts to rescue its trademark claims by asserting that its allegations contain the "extra element" of likelihood of confusion. (*See* Doc. 68 at 15–16; Am. Compl. ¶¶ 27, 29, 70, 125, 138). "If an extra element is required instead of or in addition to the acts of reproduction, performance, distribution, or display . . . then the right does not lie within the general scope of copyright and there is no preemption." *Foley v. Luster,* 249 F.3d 1281, 1285 (11th Cir. 2001) (quoting *Comput. Assocs. Int'l, Inc. v. Altai, Inc.*, 982 F.2d 693, 716 (2d Cir. 1992)). The extra element must render the trademark claim "'qualitatively different from a copyright infringement claim.'" *Id.* (emphasis removed) (quoting *Altai*, 982 F.2d at 716).

Barkley contends that consumers who view the Barkley materials that Defendants uploaded to YouTube or who purchase Barkley's products from Defendants' website may errantly believe they are consuming the materials in a manner that Barkley authorized. (*See* Doc. 68 at 17). Essentially, Barkley alleges that consumers may not have known that Defendants lacked authorization to reproduce and sell its works. But Barkley's assertion of likelihood of confusion is conclusory in nature and, in any event, unauthorized copying alone is not an extra element sufficient to transform a copyright claim into a trademark claim. *See Savannah Coll. of Art & Design, Inc. v. Sportswear, Inc.*, 983 F.3d 1273, 1285 (11th Cir. 2020); *Jouria v. CE Res., Inc.*, No. 0:15-CV-61165-WPD, 2017 WL 9248497, at *3 (S.D. Fla. Dec. 4, 2017).

The Amended Complaint asserts that the study materials Defendants misappropriated were bona fide Barkley materials and that Defendants held them out as such. That is a claim for copyright infringement. No material facts are in dispute and Defendants are entitled to judgment on Barkley's trademark claims (Counts I, III, IV, & V) as a matter of law. *See Washington v. Rivera*, 939 F.3d 1239, 1242 (11th Cir. 2019); *see also Slep-Tone Ent. Corp. v. Wired for Sound Karaoke & DJ Servs., LLC*, 845 F.3d 1246, 1250 (9th Cir. 2017) ("When the claim is more accurately conceived of as attacking unauthorized copying, *Dastar* requires us to avoid recognizing a 'species of mutant copyright law' by making such claims cognizable under the Lanham Act." (quoting *Dastar*, 539 U.S. at 34)).

**B. Barkley's Copyright Claim**

Defendants argue that Barkley cannot prevail on its claim for copyright infringement because Barkley has not identified a specific registered work of Barkley's that Defendants infringed or a specific work of Defendants that infringes on Barkley's copyright. Defendants' arguments are well-taken, and Barkley's amended complaint must be dismissed with leave to amend on that basis.

"A complaint alleging copyright infringement [must] assert[]: '(1) which specific original works form the subject of the copyright claim; (2) that the plaintiff owns the copyrights in those works; (3) that the copyrights have been

registered in accordance with the statute; and (4) by what acts [and] during what time the defendant infringed the copyright.'" *Perry v. Khan*, No. 3:12-cv-543-J-99TJC-TEM, 2012 WL 13136928, at *2 (M.D. Fla. May 11, 2012) (alteration in original) (quoting *Krasselt v. Joseph E. Seagram & Sons, Inc.*, No. 01 Civ. 2821, 2002 WL 1997926, at *1 (S.D.N.Y. Aug. 29, 2002)).

Although Barkley lists a "sampling" of its copyrighted material in a chart in the amended complaint, (*see* Am. Compl. ¶ 43) and alleges that Defendants "copied or obtained copies of one or more of these" materials, it is not clear specifically what registered works Barkley accuses Defendants of copying. Also fatal to Barkley's claim is its failure to allege a timeframe in which Defendants' infringing conduct occurred. *See ELE 11, Corp. v. Genova*, No. 22-cv-80297-WPD, 2022 U.S. Dist. LX 137142, *8 (S.D. Fla. Aug. 1, 2022) (explaining that although an exact date is not required, courts will not "guess during what approximate time the alleged infringement occurred"). These omissions render Barkley's copyright-infringement count deficient under Rule 8(a).

"[A] court granting judgment on the pleadings pursuant to Rule 12(c) should grant leave to amend even if no request for leave to amend has been made, unless it is clear that amendment would be futile." *Simon v. HealthSouth of Sarasota Ltd. P'ship*, No. 8:12-CV-236-T, 2019 WL 11505269, at *3 (M.D. Fla. Dec. 16, 2019) (quoting *Kelly Moore Paint Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, No. 14-CV-01797-MEJ, 2014 WL 2119996, at *3 (N.D. Cal. May 21,

2014)). Here, Barkley's copyright claim lacks sufficient factual allegations to state a claim upon which relief can be granted, but additional allegations could potentially rectify these pleading deficiencies. Accordingly, Barkley's copyright count (Count II) must be dismissed without prejudice.

## IV. CONCLUSION

For the reasons explained above, it is **ORDERED** and **ADJUDGED** that Defendants' motion for judgment on the pleadings (Doc. 67) is **GRANTED**. Barkley's claims for trademark infringement (Count I), false designation of origin and unfair competition (Count III), trademark counterfeiting (Count IV), and common law trademark infringement (Count V) are hereby **DISMISSED with prejudice**. Barkley's claim for copyright infringement is hereby **DISMISSED without prejudice**. Barkley may file a second amended complaint based on the copyright claim on or before **December 4, 2026**.

**DONE** and **ORDERED** in Orlando, Florida, on November 6, 2026.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record